IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVEN FARMER, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.                                                                                           No. 2:23-cv-397 MIS/KRS

WALMART, Inc.,

    Defendant.

## SCHEDULING ORDER

**THIS MATTER** comes before the Court following a telephonic Rule 16 scheduling conference held on June 18, 2024. At the hearing, the Court adopted the parties' proposed Joint Status Report and Provisional Discovery Plan, with slight modifications, as reflected in the dates below.

Accordingly, **IT IS HEREBY ORDERED** that the parties shall adhere to the following discovery plan:

(a) Maximum of twenty-five (25) interrogatories by each party to any other party, with responses due fifty (50) days after service.

(b) No presumptive limit to the number of requests for admission by each party to any other party. Responses due fifty (50) days after service.

(c) Maximum of seven (7) depositions by Plaintiff and seven (7) depositions by Defendant. Each deposition limited to maximum of eight (8) hours, unless extended by agreement of the parties.

**IT IS FURTHER ORDERED** that the following case management deadlines shall govern:

(a) Deadline for Plaintiff to amend pleadings and join additional parties pursuant to Federal Rule of Civil Procedure 15: **September 3, 2024**;

(b) Deadline for Defendant to amend pleadings and join additional parties pursuant to Federal Rule of Civil Procedure 15: **September 3, 2024**;

(c) Precertification Fact Discovery: **May 31, 2025**;

(d) Plaintiff's class certification motion and expert reports: **June 23, 2025**;

(e) Defendant's response to class certification motion, expert reports, and motions regarding Plaintiff's experts: **September 22, 2025**;

(f) Plaintiff's reply to class certification motion, rebuttal expert reports, and motions regarding Defendant's experts: **November 21, 2025**;

(g) Deadline for supplementing discovery/disclosures: Due within thirty (30) days of receipt of information giving rise to need to supplement;

(h) Plaintiff's post-certification expert reports: **60 days after the Court rules on Plaintiff's motion for class certification and any pre-certification dispositive motions**;

(i) Defendant's post-certification expert reports: **90 days after Plaintiff's reports**;

(j) The parties will submit a proposed schedule on the merits after the Court rules on Plaintiff's motion for class certification.

**IT IS FURTHER ORDERED** that the Court must approve any changes to the timing or scope of discovery, other than the parties' agreement to extend the length of a deposition made during the deposition in question. Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition, must be made by motion and before the termination of discovery or the expiration of any applicable deadline. Discovery must be completed on or before the termination of the discovery deadline. A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline. The parties are further

reminded that the cutoff for motions related to discovery does not relieve the party of the twenty-one (21) day time period under Local Rule 26.6 to challenge a party's objections to answering discovery. The parties are encouraged to review Federal Rule of Civil Procedure 26(a)(2) to ensure they properly disclose *all* testifying witnesses, not just those for whom a report is required.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE